May it please the Court, my name is Vicki Dobrin and I represent the appellant, Mr. Singh, and I'd like to try to reserve two minutes for rebuttal. In this case, it's undisputed that the Court incorrectly entered Mr. Singh's address in its docketing system in his underlying petition for review, and presumably sent the briefing schedule in this case to that same incorrect address. It's also undisputed that Mr. Singh never received the briefing schedule, and therefore failed to file his opening brief. And all of this was presented to the, I guess it was the appellate commissioner first, right? On a motion to reinstate? It was, though it's unclear that it was ever actually considered. If you look at procedurally how this went down, the original motion to reinstate filed by former counsel didn't mention this at all. And it was only after former counsel filed a renewed motion to reinstate that he raised this issue, but the next day the Court entered an order saying no further findings. And it wasn't clear that the appellate commissioner really considered this at all. But, so it was filed the day before, but we don't know whether it was actually before the appellate commissioner. One thing I noted was that the Ninth Circuit, like three times I think, denied the motion to reinstate. And at least one time was in the docket, at least after the supplemental brief describing the addressing issue was docketed. Right, I mean, it was raised in that renewed motion, but given the timing of the Court's order the next day, it would appear it didn't really consider it. It seemed frustrating, the Court seemed frustrated. And it's, you have to look at the underlying reason that the Court gave for denying the motion to reinstate, and it was the unexplained delay in filing it. So even if the Court found that it had erred, it didn't dispute that it erred. It found that Mr. Singh didn't explain why it was that two years had passed since he'd moved to reinstate. And as we've documented, and the record is clear on this, the reason for that delay is almost entirely the blame of his prior attorney. He sat on the case for 16 months and did nothing, and Mr. Singh paid him $19,000. And only after Mr. Singh was arrested did that attorney, who we all know has been disbarred, file this bare-bones motion to reinstate, which really didn't address kind of the reasons for the delay and didn't address the Court's error. And so the Court denied it. And so it's really not entirely clear that the Court has ever really substantively considered whether it violated Mr. Singh's due process rights in dismissing as a ban in his case when he was never notified of the briefing schedule. Now, we're here, at least technically, we're looking at the District Court's determination that it doesn't have jurisdiction to say the Ninth Circuit violated your client's due process rights. And so do you disagree with the District Court's statement that seems to be eminently supported by our case law? You know, I do disagree. I mean, I think that the District Court had the authority under this Court's decision in Derringer to remedy a due process violation that occurred after the removal proceedings were complete. I mean, there's nothing that really limits Derringer to those unique facts. What did you want the District Court to do? Order the agency to act. What did the agency do? It's the same as in Derringer. I mean, the agency didn't do anything wrong, but the only way for Mr. Singh to seek judicial review of that underlying decision is to restart the 30 days. But in Derringer, though, no petition for review had been filed, right? So here, petition for review has been filed. We have jurisdiction. We dismissed it and then denied the motion to reinstate three times. And so the District Court thinks, I can't say there's a due process violation. I would be passing what the Ninth Circuit had done. So how could it then issue relief when it couldn't make that judgment in reviewing what we had done? And I'm sorry, Your Honor, I'm not sure I entirely understand that question, but, I mean, I think the District Court believed that Derringer was limited to only a claim of ineffective assistance of counsel. And we believe Derringer stands for the broader proposition that were a petitioner's due process rights are violated in the pursuit of judicial review, some remedy should exist for that. Mr. Singh has no other remedy. It's undisputed. No adjudicator has ever disputed that this court didn't properly notify him of the briefing schedule. And so does that mean he's out of luck? There's got to be some remedy for that. And this court has found that in a similar situation, in the Singh v. Ashcroft case, that the board violated a petitioner's due process rights by failing to notify him of a briefing schedule and then refusing to accept a late-filed brief. I mean, this is sort of analogous what happened in this case. And so, you know, this court does have a remedy. It provides a remedy, but it's not the motion to reinstate. And Mr. Singh pursued that remedy, but he was prevented from meaningfully pursuing it because of the ineffective assistance of his prior attorney. Had it been, you know, come to this court's attention during the original motion to reinstate, period, that he was diligent and he had anticipated that his prior lawyer would have taken prompt action, you know, it's quite likely, given the one reason the court gave in refusing to reinstate, that the outcome would have been different and the court would have reinstated. And so we believe that, you know, there's got to be a remedy. He pursued the only remedy this court offered and, you know, was unsuccessful. And the district court certainly has jurisdiction to offer him some remedy. I mean, that's what habeas is all about, where there's no other place to go. And we believe in this situation that under Derringer, the district court had authority to order the agency, a lower court, to take action. We didn't ask the district court to make a finding with regard to this court or to order this court to do something or to find that this court erred in refusing to reinstate the case. It's a very discreet remedy. It's asking, ordering the district, I mean, the Board of Immigration Appeals to take action, not this court. And, of course, you know, there is a renewed, a second motion to reinstate that's been pending for over two years, in which all of this has been outlined, but the court is apparently not going to act on it. Yet it still has discretion to do that. So, you know, the court could still take a look at that second motion and decide that, you know, the circumstances here justify reinstatement of the petition. And just as an aside, I mean, the court, you know, routinely reinstates petitions for review filed, you know, years after they've been dismissed. And so there's really nothing that prevents it from doing so. And if I could save the two minutes. I sure would. Thank you. May it please the Court. My name is Kimberly Wiggins, and I represent Appellants Eric Holder and Janet Napolitano and the other federal appellants and appellees in this action. Excuse me. This is a matter of whether the district court erred in finding that it did not have jurisdiction to review the actions of the Ninth Circuit. And it did not. Probably would like to at some time. They might like to review our decisions, right? That might be true, Your Honor, but. Not in this particular instance, though. Not in this particular instance. The petition for habeas, and it's on page 184 of the excerpt of record, volume two, does ask the district court to, in the prayer for relief, to declare that Mr. Singh's due process rights were violated when the Ninth Circuit dismissed his petition for review without having first provided him with proper notice of his briefing schedule. And this puts the district court in the position of directly passing judgment on the actions of the Ninth Circuit. And Derringer is distinguishable from that. Because in Derringer, the petitioner was precluded from filing any appeal at all. Mr. Singh has conceded that this court still has discretion to consider that pending motion to reinstate that has been pending before the court for two years. Is there any reason why we shouldn't consider that motion to reinstate or grant the motion to reinstate? Not that I'm aware of, Your Honor. Our position has been all along that the Ninth Circuit is in the best position to correct any issues that may exist in this case and that the district court correctly determined that it did not have jurisdiction. I thought there was an order by one of the Ninth Circuit panels that said he wasn't allowed to file anything. Am I mistaken? That's true. On the docket for that petition for review, there is. That might be why no action has ever been taken. That might be. But regardless, at the district court level, habeas case law does not permit the lower courts to pass judgment on the actions of the Ninth Circuit. And Singh v. Ashcroft is likewise distinguishable because it involved a mailing address error by the Board of Immigration Appeals. And this involves an alleged error by the Ninth Circuit. And, again, I'm repeating myself here, but neither of those cases permits the district court to review and make the predicate finding that is necessary for Mr. Singh's petition to succeed in habeas. And on that, I think the government will yield the rest of its time. Let me just, you're from the Office of Trial Attorneys, right? I'm from the Office of Immigration Litigation District Court. So on the motion, the motion's been pending for two years. Has your office taken any position on that motion? We have not taken a position to date. Okay. All right. Anything else? No, nothing further. I yield the remainder of my time to the court. Okay. You had two minutes for rebuttal, I believe. I guess, you know, again, I would just stress that, you know, although the district court would have to maybe examine, you know, a procedural error by this court, it's not really reviewing a substantive decision of the court. It's not passing judgment on a finding of this court or something that was decided on the merits. And that would be an entirely different situation. You know, I don't believe that there's still an order by this court not to reinstate. Right. And we weren't seeking review of that. Mr. Singh's habeas petition does not seek review of this court's. Isn't that a pretty fine distinction you're trying to draw? Not really. I mean, I think the primary argument is that when the court dismissed the case after failing to notify the petitioner of the briefing schedule, that was a due process violation under Derringer. And so that was what we were asking the district court to do something about, to order the lower body. To file the pending motion to reinstate, the one that's been pending for two years? Yes. And so we're not, the district court, we're not. But is all of this story embodied in this? It is. And so I think the court certainly has wide discretion to take another look at that and if we could moot out this issue entirely. So I guess I'll, that's all I have. Thank you. Thank you. Thank you, counsel. We'll submit this matter.
judges: B. Fletcher, Paez, Ikuta, Cjj